# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN WHITWELL, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 09-513-GPM ) |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2746612, at *1 (S.D. Ill. Sept. 18, 2007); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588-89 (S.D. Ill. 2007). Plaintiff John Whitwell brings this action to recover unrefunded sales taxes that he paid to Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), for merchandise that he later returned to the retailer. He asserts a claim for breach of contract against Wal-Mart on behalf of himself and a proposed class of persons throughout the United States who allegedly are owed unrefunded sales taxes by Wal-Mart. The case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, then timely removed to this Court by Wal-Mart. Federal subject matter jurisdiction is premised on diversity pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

It appears that this case satisfies the prerequisites for the exercise of federal subject matter in diversity under CAFA. The record of the case reflects that this is a putative class action in which there is minimal diversity of citizenship between the parties (Whitwell is an Illinois citizen, while Wal-Mart is a corporate citizen of Delaware and Arkansas), the proposed class contains at least one hundred persons, and an aggregate amount in excess of $5 million, exclusive of interest and costs, is in controversy between the parties. *See* 28 U.S.C. § 1332(a)(1), (c)(1), (d)(1)(B), (d)(1)(D), (d)(2)(A), (d)(5)(B), (d)(6), (d)(7), (d)(8); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Bemis v. Safeco Ins. Co. of Am.*, Civil No. 09-315-GPM, 2009 WL 1972169, at *2 (S.D. Ill. July 8, 2009); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *2 (S.D. Ill. Nov. 22, 2006); *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 760-61 (S.D. Ill. 2006). *See also* 28 U.S.C. § 1453. However, the Court's review of Wal-Mart's notice of removal, Whitwell's complaint, and other relevant documents discloses a bar to the Court's exercise of jurisdiction in this case, specifically the Tax Injunction Act of 1937, 28 U.S.C. § 1341, and principles of comity.

The Tax Injunction Act provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Thus, the lower federal courts have no jurisdiction to hear suits that seek to declare illegal, enjoin, or rescind methods of state tax collection. *See California v. Grace Brethren Church*, 457 U.S. 393, 396 (1982); *Scott Air Force Base Props., LLC v. St. Clair County, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008); *Levy v. Pappas*, 510 F.3d 755, 760 (7th Cir. 2007); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 878

(7th Cir. 2002); *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172, 173 (7th Cir. 1978); *Illinois Cent. R.R. Co. v. Howlett*, 525 F.2d 178, 179 (7th Cir. 1975). *See also* 17A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Vikram David Amar, *Federal Practice & Procedure* § 4237 (3d ed. 1998 and Supp. 2009) (explaining that the Tax Injunction Act is specifically a limitation on the jurisdiction of federal district courts and is inapplicable in a suit between states brought in the original jurisdiction of the Supreme Court of the United States) (collecting cases). In addition to the Tax Injunction Act, principles of comity divest federal district courts of jurisdiction to entertain suits involving disputes about state taxation. "It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102 (1981) (quoting *Dows v. City of Chicago*, 78 U.S. (11 Wall.) 108, 110 (1870)). "Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public." *Id*. In view of the "strong preference" of the federal courts that "issues of state taxation be litigated in state courts . . . rather than in federal courts," the United States Court of Appeals for the Seventh Circuit has instructed, "the principle of comity . . . militates in favor of a stringent standard of justiciability in cases that threaten to interfere with state taxes." *Alcan Aluminum Ltd. v. Oregon Dep't of Revenue*, 724 F.2d 1294, 1298 (7th Cir. 1984).[1]

---

1. The Tax Injunction Act by its letter applies only to suits seeking equitable relief from the assessment, levy, or collection of state taxes. *See Johnson v. Orr*, 551 F.3d 564, 571 (7th Cir. 2008). Suits for damages that interfere with state taxation are dealt with under the rubric of the doctrine of comity. *See Wright v. Pappas*, 256 F.3d 635, 636-37 (7th Cir. 2001). The comity doctrine is a judicially-created limitation on the jurisdiction of federal district courts

In *Hibbs v. Winn*, 542 U.S. 88 (2004), the Court gave important guidance as to the kinds of disputes regarding state taxes that lie outside the jurisdiction of federal district courts. The plaintiffs in *Hibbs* had brought a challenge under the Establishment Clause of the First Amendment to the Constitution to income tax credits that provided financial aid to children who attended private schools. *See id*. at 92-93. The Court held that the Tax Injunction Act (and, implicitly, comity) did not bar jurisdiction, and observed that for "a near half century, courts in the federal system . . . have entertained challenges to tax credits authorized by state law[.]" *Id*. at 93. The Court sharply distinguished such cases from those held to lie outside federal subject matter jurisdiction, stating that the former "[a]ll involved plaintiffs who mounted federal litigation to avoid paying state taxes (or to gain a refund of such taxes). Federal-court relief, therefore, would have operated to reduce the flow of state tax revenue." *Id*. at 106. Consistent with the federal policy of protecting state tax revenue by restricting federal jurisdiction over controversies involving state taxation, the *Hibbs* Court interpreted the term "assessment" as it is used in the Tax Injunction Act to mean simply the "recording of liability" of the taxpayer; thus the statute applies only to "cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *Id*. at 101, 107. Correspondingly, the *Hibbs* Court found no bar to federal jurisdiction as to actions by "third

---

that is both codified in, yet broader than, the Tax Injunction Act. *See Fair Assessment*, 454 U.S. at 109-11; *Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817, 818 (7th Cir. 1978). It also perhaps is worth noting that municipal and local taxes constitute state taxes for purposes of both the Tax Injunction Act and comity. *See Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 298 (1942) (quoting *Matthews v. Rodgers*, 284 U.S. 521, 525-26 (1932)); *Hager v. City of W. Peoria*, 84 F.3d 865, 868 n.1 (7th Cir. 1996). *See also Darne v. Wisconsin*, 901 F. Supp. 1426, 1432 n.3 (E.D. Wis. 1995) (a state tax for purposes of the Tax Injunction Act and comity is any device employed for raising general revenue); *Timber Ridge Assocs. v. City of Hartford*, 578 F. Supp. 221, 223-24 (E.D. Wis. 1984) (the definition of a state tax for purposes of the Tax Injunction Act and comity is to be broadly construed).

parties . . . pursuing . . . challenges to tax benefits in a federal forum." *Id*. at 108. The Court also found, however, a jurisdictional bar to suits in federal court by persons who "contest their own tax liability," and whose success on their claims would "operate[ ] to reduce the flow of state tax revenue." *Id*. at 93, 106. *See also Fair Assessment*, 454 U.S. at 115 (quoting *Great Lakes*, 319 U.S. at 299) (holding that a suit is barred by comity where it would "in every practical sense operate to suspend collection of the state taxes"); *Dunn v. Carey*, 808 F.2d 555, 557 (7th Cir. 1986) (holding that the Tax Injunction Act was not applicable where federal interference with a state suit would have allowed rather than prevented the collection of a tax); *Field Enters., Inc. v. Brogan*, 530 F. Supp. 82, 83 (N.D. Ill. 1981) (comity prohibits actions for damages challenging state tax collection because such actions cause "disruption to the state tax system" tantamount to enjoining the collection of state taxes).

This case, as noted, is an action to recover unrefunded sales taxes paid to Wal-Mart by Whitwell and similarly-situated persons for merchandise that later was returned to Wal-Mart. According to the complaint in this case, on April 14, 2009, Whitwell purchased a digital video disc ("DVD") player at a Wal-Mart store in Collinsville, Illinois; the total price of the DVD player was $214.04, which included $16.04 sales tax. *See* Complaint ¶ 11 & Ex. 1. On April 16, 2009, Whitwell returned the DVD player at a Wal-Mart store in Glen Carbon, Illinois, where he received a refund of $211.56; Whitwell claims that the difference of $2.48 between what he paid for the DVD player and the amount that was refunded to him reflects the fact that sales taxes in Glen Carbon are slightly lower than in Collinsville. *See id*. ¶¶ 12-13 & Ex. 2. Whitwell alleges that Wal-Mart's failure to pay him the $2.48 difference between the sales tax in Collinsville and the sales tax in Glen Carbon constitutes, as noted, a breach of contract and seeks certification of a nationwide class of

persons whom Wal-Mart owes, Whitwell contends, unrefunded sales taxes due to variations among local sales taxes. In other words, this is a case in which persons who have been assessed liability for state taxes within the meaning of *Hibbs* are challenging that assessment. *See* 542 U.S. at 101. Whitwell and the members of the proposed class are seeking "to avoid paying state taxes" or, more specifically, "to gain a refund of such taxes," and success on the claims asserted in the complaint will "operate[ ] to reduce the flow of state tax revenue," in Mr. Whitwell's case by the sum of $2.48. *Id.* at 106. In short, this case triggers the concerns about litigation in federal court to obstruct the collection of state taxes that underlie both the Tax Injunction Act and the doctrine of comity. *See 28 East Jackson Enters., Inc. v. Cullerton*, 523 F.2d 439, 441 (7th Cir. 1975) (noting "the well-established federal policy of noninterference in matters of state taxation" that is codified in the Tax Injunction Act); *Pintozzi v. Scott*, 436 F.2d 375, 378 (7th Cir. 1970) ("In the sensitive area of federal-state relationship we construe § 1341 liberally and abstain from interfering in state tax suits.").[2]

Having concluded that this is an action for a refund of state taxes such as to implicate comity and the policy of federal non-interference in state taxation underlying the Tax Injunction Act, the Court next addresses whether there is a remedy in state court for the claims asserted in this case that is "plain, adequate, and complete" for purposes of comity, a standard that is substantively identical, the United States Supreme Court explained in *Fair Assessment*, to the requirement of a "plain, speedy and efficient" state remedy under the Tax Injunction Act. 454 U.S. at 116 n.8 (quoting 28

---

2. It should be noted that under the Illinois Revenue Code, use taxes collected by a retailer are held in trust for the Illinois Department of Revenue. *See* 35 ILCS 105/8; *In re Markos Gurnee P'ship*, 163 B.R. 124, 131 (Bankr. N.D. Ill. 1993). In other words, it presumably is not the case that Wal-Mart simply pockets unrefunded sales taxes on returned merchandise as a windfall.

U.S.C. § 1341). The *Fair Assessment* Court explained also that actions challenging state taxes should not be allowed to proceed in federal court where adequate state remedies exist because "damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a . . . claim." *Id*. at 115. The Court went on to say that "[w]e consider such interference to be contrary to 'the scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts.'" *Id*. at 115-16 (quoting *Matthews*, 284 U.S. at 525). *See also Fromm v. Rosewell*, 771 F.2d 1089, 1092 (7th Cir. 1985). A state has furnished a plain, speedy, and efficient remedy where "a full hearing and judicial determination of the controversy is assured." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 513 (1981). This standard "is concerned only with the procedural sufficiency of a state remedy." *Schneider Transp., Inc. v. Cattanach*, 657 F.2d 128, 133 (7th Cir. 1981). A remedy is plain if it is "clear . . . or . . . manifest," rather than "uncertain or otherwise unclear." *Rosewell*, 450 U.S. at 516, 517. *See also Hillsborough Twp., Somerset County, N.J. v. Cromwell*, 326 U.S. 620, 625-26 (1946) (a remedy is plain for purposes of comity if there is certainty in the remedy's availability and effect). With respect to whether a remedy is speedy, the *Rosewell* Court emphasized that "'[s]peedy' is perforce a relative concept, and we must assess the . . . delay against the usual time for similar litigation." 450 U.S. at 518. Finally, a remedy is efficient where it "imposes no unusual hardship on [a litigant] requiring ineffectual activity or an unnecessary expenditure of time or energy." *Id*.

Applying the *Rosewell* standard, the Court finds that Whitwell has a state remedy, in the form of an action in the Madison County circuit court (where, as noted, this case originally was filed), that is certain and thus plain. With respect to whether Whitwell's state remedy is speedy, available

statistical data suggests that the average difference in the time required to dispose of this case in this Court as against the Madison County court is nine months. The average time of disposition of a civil case in this Court is twenty-four months, according to statistics prepared by the Administrative Office of the United States Courts that can be found online at http://www.uscourts.gov/caseload2008/tables/C05Mar08.pdf. *See Dulaney v. United States*, 472 F. Supp. 2d 1085, 1086 (S.D. Ill. 2006) (citing *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006)) (a court may judicially notice public records and government documents, including those available from reliable sources on the Internet). The average time of disposition of a civil action at law worth more than $50,000 in the Madison County court is thirty-three months, according to statistics prepared by the Administrative Office of the Illinois Courts that are available online at http://www.state.il.us/court/SupremeCourt/AnnualReport/2007/StatsSumm/Caseload.pdf. The fact that it could take nine months longer to resolve this case in the Madison County court than in this Court does not mean, the Court believes, that the state remedy is not speedy. *See Rosewell*, 450 U.S. at 520-21 (finding that a two-year delay in receiving a state remedy did not show that the remedy was not speedy: "Nowhere in the Tax Injunction Act did Congress suggest that the remedy just be the speediest."). Accordingly, the Court concludes that Whitwell has a speedy state remedy.

      Finally, the Court notes that the Madison County court has concurrent jurisdiction of the breach of contract claims asserted in this case. The Seventh Circuit Court of Appeals has instructed that where there is concurrent federal and state jurisdiction as to claims brought in federal court challenging state taxation so that state courts routinely decide such claims, it is "impossible" to show the absence of a plain, speedy, and efficient state remedy. *RTC Commercial Assets*

*Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 454 (7th Cir. 1999) (holding that a plaintiff challenging state taxes in federal court had a plain, speedy, and efficient state remedy in view of the concurrent jurisdiction of state courts over suits brought under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989). *See also Fair Assessment*, 454 U.S. at 116-17 (noting that there was concurrent federal and state jurisdiction as to claims brought in federal court challenging state taxes in holding that the plaintiff had a plain, speedy, and efficient state remedy); *Rosewell*, 450 U.S. at 514-15 (same). Thus, the Court finds that the state remedy in this case is efficient. Where Whitwell and the members of the proposed class have a plain, speedy, and efficient remedy in Illinois state court, principles of comity divest this Court of jurisdiction to entertain this suit interfering with the collection of state taxes.[3]

To conclude, pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: August 21, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

3. Assuming that the state taxes at issue in this case are municipal sales taxes, as they appear to be, the Court notes also that the Illinois Revenue Code furnishes an administrative remedy for claims of overpayment of use taxes. *See* 35 ILCS 105/19; *Lusinski v. Dominick's Finer Foods*, 483 N.E.2d 587, 590-91 (Ill. App. Ct. 1985). *See also* 65 ILCS 5/8-3-6 (providing that taxes assessed by municipalities must be levied and collected in a manner consistent with the Illinois Revenue Code).