IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN WHITWELL, individually and on behalf of others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) WAL-MART STORES, INC., ) ) Defendant. ) | CIVIL NO. 09-513-GPM |

# MEMORANDUM AND ORDER

**MURPHY**, District Judge:

### I. INTRODUCTION

This matter is before the Court on the motion to dismiss for failure to state a claim upon which relief can be granted brought by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") (Doc. 12). According to the complaint in this case, on April 14, 2009, Plaintiff John Whitwell purchased a digital video disc ("DVD") player at a Wal-Mart store in Collinsville, Illinois; the total price of the DVD player was $214.04, which included $16.04 sales tax. *See* Doc. 2-2 at 3 ¶ 11 & Ex. 1. On April 16, 2009, Whitwell returned the DVD player at a Wal-Mart store in Glen Carbon, Illinois, where he received a refund of $211.56; Whitwell claims that the difference of $2.48 between what he paid for the DVD player and the amount that was refunded to him reflects the fact that sales taxes in Glen Carbon are slightly lower than in Collinsville. *See id.* at 4 ¶¶ 12-13 & Ex. 2.  Whitwell alleges that Wal-Mart's failure to pay him the $2.48 difference between the sales tax in Collinsville and the sales tax in Glen Carbon constitutes a breach of contract. Specifically, Whitwell alleges that Wal-Mart "promises each of its customers, through its use of store plaquards [sic], its web site, sales

associates and other means, that they may return goods to [Wal-Mart] within a certain number of days from the original date of sale and receive a refund of all amounts paid for the good(s)," and that Wal-Mart's failure to refund to him the full price that he paid for his DVD player at Wal-Mart's Collinsville store is a breach of contract. *Id.* at 2-3 ¶ 8. Whitwell sues on behalf of himself and a proposed nationwide class of persons to whom, Whitwell contends, Wal-Mart owes un-refunded sales taxes due to variations among local rates of sales tax. *See id.* at 4 ¶ 15.

This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on May 21, 2009; Wal-Mart was served with the complaint in the case on June 9, 2009. Wal-Mart timely removed the case to this Court on July 9, 2009, alleging federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). On August 14, 2009, Wal-Mart moved to dismiss Whitwell's claim of breach of contract for failure to state a claim upon which relief can be granted, citing two grounds for such dismissal: the contract, as alleged, is indefinite; and Whitwell failed to give notice to Wal-Mart of the alleged breach of contract before filing suit, as is required under the Illinois Uniform Commercial Code ("Illinois UCC"). On August 21, 2009, the Court found that federal subject matter jurisdiction is proper in this case under the CAFA, but further found that the exercise of federal subject matter jurisdiction in this case is barred by principles of comity that prevent federal courts from exercising jurisdiction as to suits that seek to interfere with the collection of state taxes. *See Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 2601259, at **1-4 (S.D. Ill. Aug. 21, 2009). On November 12, 2009, the United States Court of Appeals for the Seventh Circuit, on an appeal pursuant to 28 U.S.C. § 1453(c) from this Court's August 21 order

remanding this case to state court for lack of subject matter jurisdiction, vacated this Court's remand order. In light of the reversal of the Court's order remanding this case to state court for lack of subject matter jurisdiction, on November 12, 2009, the Court ordered Whitwell to respond to Wal-Mart's motion to dismiss by December 4, 2009. *See Disher v. Citigroup Global Mkts., Inc.*, 486 F. Supp. 2d 790, 798 (S.D. Ill. 2007) (when an order of a district court is reversed on appeal, the parties to a case are in the same situation as if the order never was entered).[1] Wal-Mart's motion to dismiss now has been fully briefed. Having considered the matter carefully, the Court rules as follows.

## II. ANALYSIS

As an initial matter the Court notes the legal standard under which Wal-Mart's motion to dismiss must be evaluated. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 773 (S.D. Ill. 2009); *Brown v. SBC Commc'ns, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007). A complaint should not be dismissed under Rule 12(b)(6) unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules

---

1. In its November 12 order the Court in its discretion waived the provisions of the local rules dealing with motion practice in class actions in this case. *See, e.g., Holmes v. Back Doctors, Ltd.*, Civil No. 09-540-GPM, 2009 WL 3425961, at *1 n.2 (S.D. Ill. Oct. 21, 2009).

of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Twombly*, 550 U.S. at 555).[2]

### A. Indefiniteness of the Alleged Contract

The Court turns to consideration of Wal-Mart's first asserted ground for dismissal in this case, that the contract Wal-Mart is alleged by Whitwell to have breached fails for indefiniteness. As Wal-Mart points out, Whitwell's breach of contract claim involves a sale of goods and thus is governed by Article 2 of the Illinois UCC, which displaces the common law of contracts in cases in which the Illinois UCC is applicable. *See* 810 ILCS 5/2-102 (Article 2 of the Illinois UCC "applies to transactions in goods"); 810 ILCS 5/2-105(1) (goods, for purposes of the Illinois UCC, are "[a]ll things, including specially manufactured goods, which are movable at the time of identification to the contract for sale," with specified exceptions not relevant here); 810 ILCS 5/1-103(b) (stating that "particular provisions" of the Illinois UCC "displace[ ]" the common law of contracts). *See also*

---

2. It should be pointed out as well that although, as already has been discussed, Whitwell seeks to represent a nationwide class, at this juncture the Court's concern is solely with whether Whitwell, as the named Plaintiff in this case, has stated a claim upon which relief can be granted for breach of contract under Illinois law. *See Crichton v. Golden Rule Ins. Co.*, Civil No. 06-264-GPM, 2006 WL 2349961, at *1 n.1 (S.D. Ill. Aug. 11, 2006).

*Ryan v. Wersi Elecs. GmbH & Co.*, 3 F.3d 174, 180 (7th Cir. 1993) ("[W]hen applicable, the UCC controls contract interpretations in Illinois[.]"); *Doles v. Johnson & Johnson*, Civil No. 09-862-GPM, 2009 WL 3349806, at *5 (S.D. Ill. Oct. 19, 2009) (the Illinois UCC governs transactions in goods, and displaces the common law of contracts where the statute applies).

Generally speaking, of course, the Illinois UCC is remedial legislation that aims, where possible, to ameliorate some of the more striking inequities of the common law of contracts, such as the harsh common-law rules governing indefiniteness of a contract. *See* 810 ILCS 5/1-103(a); *Berry v. G.D. Searle & Co.*, 309 N.E.2d 550, 553 (Ill. 1974); *Midwest Builder Distrib., Inc. v. Lord & Essex, Inc.*, 891 N.E.2d 1, 16 (Ill. App. Ct. 2007). Correspondingly, the Illinois UCC sets a relatively high bar for a party challenging a contract as void for indefiniteness to surmount. Specifically, the Illinois UCC provides, in relevant part, that "[e]ven though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." 810 ILCS 5/2-204(3). *See also Cohen v. Wood Bros. Steel Stamping Co.*, 529 N.E.2d 1068, 1071 (Ill. App. Ct. 1988); *Euclid Eng'g Corp. v. Illinois Power Co.*, 223 N.E.2d 409, 412 (Ill. App. Ct. 1967). Also, the Illinois UCC authorizes a court to imply reasonable terms of a contract for sale of goods where the contract is silent as to the time and place of performance and price. *See* 810 ILCS 5/2-305; 810 ILCS 5/2-308; 810 ILCS 5/2-309; *Wagner Excello Foods, Inc. v. Fearn Int'l, Inc.*, 601 N.E.2d 956, 960-61 (Ill. App. Ct. 1992). Finally, under the Illinois UCC contract terms can be implied from the conduct of the parties to a contract. *See Quaker State Mushroom Co. v. Dominick's Finer Foods, Inc., of Ill.*, 635 F. Supp. 1281, 1285 (N.D. Ill. 1986) (citing 810 ILCS 5/2-204(1)).

Here, although Whitwell's complaint does not spell out the terms of the alleged contract with great definiteness, it is reasonable to assume that Whitwell construes the subject contract as being to the effect that, at the time Wal-Mart sells goods to a purchaser, Wal-Mart contracts with the purchaser to refund all amounts paid for the goods in return for the purchaser's promise to comply with all of the requirements of Wal-Mart's policy governing returns of goods and refunds. This, it seems to the Court, is a reasonably definite contract the terms of which can be implied from, for example, the conduct of the parties, e.g., selling and buying goods and returning such goods for refund in locales known to have certain rates of sales tax. In any event, issues of contract formation involve questions of fact that are unsuitable for resolution on a Rule 12(b)(6) motion. *See* 810 ILCS 5/2-305 cmt. 2 (whether parties intended to enter into a binding agreement "is, in most cases, a question to be determined by the trier of fact."). *See also E.C. Styberg Eng'g Co. v. Eaton Corp.*, 492 F.3d 912, 917 (7th Cir. 2007) (citing *Teamsters Local Unions Nos. 75 & 200 v. Barry Trucking, Inc.*, 176 F.3d 1004, 1010 (7th Cir. 1999)) (the issue of whether a contract exists presents a mixed question of fact and law); *Buschmann v. Professional Men's Ass'n*, 405 F.2d 659, 663 (7th Cir. 1969) (a court cannot address the circumstances under which a contract arises, which is a question of fact, on a motion to dismiss for failure to state a claim). It probably is more accurate to say not that the contract at issue in this case is indefinite, that is, susceptible of no clear meaning, but that the contract at issue here contains a latent ambiguity, that is, in this case, upon examination of the contract term "all amounts paid" at purchase, it is unclear whether this term is qualified by a further contract term, "subject to variations in local sales taxes that may affect the total amount refunded." *See Cherry v. Auburn Gear, Inc.*, 441 F.3d 476, 484 (7th Cir. 2006) (citing *Raffles v. Wichelhaus*, 2 H. & C. 906, 159 Eng. Rep. 375 (Ex. 1864)) (discussing the concept of a latent

ambiguity in a contract); *AM Int'l, Inc. v. Graphic Mgmt. Assocs., Inc.*, 44 F.3d 572, 575 (7th Cir. 1995) (same).[3] Also, the meaning of an ambiguous contract is a question of fact and thus beyond the scope of the Court's proper inquiry on a Rule 12(b)(6) motion to dismiss. *See La Salle Nat'l Bank v. Service Merch. Co.*, 827 F.2d 74, 78 (7th Cir. 1987). The Court concludes that the contract alleged by Whitwell does not fail for indefiniteness.

### B. Failure to Give Pre-Suit Notice

The Court turns to Wal-Mart's second asserted ground for dismissal of Whitwell's claim for breach of contract, namely, that Whitwell failed to give notice to Wal-Mart of the alleged breach of contract before filing suit, as is required under the Illinois UCC. The policy of the Illinois UCC is to favor the resolution of contract disputes without litigation. *See In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 956 (N.D. Ill. 2007) (noting that the Illinois UCC "encourage[s] pre-suit settlement negotiations" as a means of resolving commercial disputes); *Reyes v. McDonald's Corp.*, Nos. 06 C 1604, 06 C 2813, 2006 WL 3253579, at *3 (N.D. Ill. Nov. 8, 2006) (the Illinois UCC favors resolution of contract disputes through settlement negotiations so that "adverse parties . . . have knowledge of a pending claim and have an incentive to attempt settlement

---

3. In this connection, the Court notes that Illinois adheres to the familiar common-law principles that all laws in effect at the time and place where a contract is made are implied terms of the contract, and that parties are presumed to contract with knowledge of the laws governing their contract. *See Monroe Dearborn Ltd. P'ship v. Board of Educ. of City of Chicago*, 648 N.E.2d 1055, 1058 (Ill. App. Ct. 1995) ("[I]t is presumed that the parties contracted with knowledge of the existing law[.]"); *S & D Serv., Inc. v. 915-925 W. Schubert Condo. Ass'n*, 478 N.E.2d 478, 483 (Ill. App. Ct. 1985) ("By operation of law, the existing laws, statutes and ordinances become implied terms of the contract. By entering into such an agreement, and by not specially excluding or modifying the effects of the various laws, the contracting parties are deemed to have accepted these laws as part of their agreement."). Accordingly, the presumption in this case is that any contract between Whitwell and Wal-Mart was made with knowledge of the rates of sales tax in the locales where Wal-Mart does business, and that those rates (and any variations among them) are implied terms of the contract.

of . . . claims prior to commencement of a suit."). Correspondingly, under the Illinois UCC, where a tender of goods has been accepted, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" 810 ILCS 5/2-607(3)(a). *See also Ratkovich v. Smithkline*, 711 F. Supp. 436, 437-38 (N.D. Ill. 1989); *Wagmeister v. A.H. Robins Co.*, 382 N.E.2d 23, 25 (Ill. App. Ct. 1978); *Overland Bond & Inv. Corp. v. Howard*, 292 N.E.2d 168, 176 (Ill. App. Ct. 1972).

The Supreme Court of Illinois, the decisions of which are binding on the Court, of course, in this diversity case, *see Kaplan v. Pavalon & Gifford*, 12 F.3d 87, 89 (7th Cir. 1993), has instructed that the Illinois UCC generally requires a plaintiff to notify a defendant of an alleged breach of contract before filing suit on the breach. *See Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 589 (Ill. 1996); *Board of Educ. of City of Chicago v. A, C & S, Inc.*, 546 N.E.2d 580, 596 (Ill. 1989). The commentary to 810 ILCS 5/2-607 explains that "[t]he notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." 810 ILCS 5/2-607 cmt. 4. Also, "[t]he notice requirement serves to provide a seller an opportunity to cure a defect and minimize damages, . . . [to] protect his ability to investigate a breach and gather evidence, and to encourage negotiation and settlement." *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021, 1025 (Ill. App. Ct. 1998) (citing *Perona v. Volkswagen of Am., Inc.*, 658 N.E.2d 1349 (Ill. App. Ct. 1995)). *See also Anthony v. Country Life Mfg., L.L.C.*, No. 02 C 1601, 2002 WL 31269621, at *4 (N.D. Ill. Oct. 9, 2002) (citing *Connick*, 675 N.E.2d at 591) ("The reason for the notice requirement is simple: the UCC prefers that the breach be cured without [a] lawsuit, and requiring [buyers] to first contact the [seller] before filing suit allows the

[seller] to address the breach."). Pre-suit notice of breach is an essential element of a plaintiff's claim in actions governed by the Illinois UCC. *See Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 857 n.4 (N.D. Ill. 2006); *Hays v. General Elec. Co.*, 151 F. Supp. 2d 1001, 1010 (N.D. Ill. 2001) (citing *Branden v. Gerbie*, 379 N.E.2d 7, 8-9 (Ill. App. Ct. 1978)); *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999).

Here Whitwell argues that the Illinois UCC's requirement of pre-suit notice does not apply in this case for three reasons: first, Whitwell never accepted goods from Wal-Mart; second, the pre-suit notice requirement applies only to a claim for breach of warranty, which is not alleged in this case; and third, pre-suit notice is not required in this instance because Wal-Mart had actual knowledge of Whitwell's claim when this suit was filed. Turning first to the question of whether Whitwell accepted goods from Wal-Mart, under the Illinois UCC acceptance of goods occurs when: (a) a buyer, after a reasonable opportunity to inspect the goods, signifies to the seller that the goods are conforming or that the buyer will take or retain them in spite of their non-conformity; or (b) the buyer fails to make an effective rejection under 810 ILCS 5/2-602(1), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect the goods; or (c) the buyer does any act inconsistent with the seller's ownership, although if such act is wrongful as against the seller it is an acceptance only if ratified by the seller. *See* 810 ILCS 5/2-606(1); *Midwest Generation, LLC v. Carbon Processing & Reclamation, LLC.*, 445 F. Supp. 2d 928, 933 (N.D. Ill. 2006). Here there can be little serious question that Whitwell accepted the DVD player that he purchased from Wal-Mart, given that he paid the requested price after tender, took the DVD player home, and presumably used it. *See In re GGSI Liquidation Inc.*, 351 B.R. 529, 603 (Bankr. N.D. Ill. 2006); *Sorce v. Naperville Jeep Eagle, Inc.*, 722 N.E.2d 227, 232-33

(Ill. App. Ct. 1999). It is not the case that Whitwell's timely request for a refund of the purchase price of the DVD player constituted a non-acceptance of the goods; rather, the refund request was a revocation of Whitwell's acceptance. *See Samuels v. American Motors Sales Corp.*, No. 87 C 7804, 1989 WL 95787, at *6 (N.D. Ill. Aug. 9, 1989); *CPC Int'l, Inc. v. Techni-Chem, Inc.*, 660 F. Supp. 1509, 1514 (N.D. Ill. 1987).

As to whether this action is subject to the Illinois UCC's requirement of pre-suit notice, the Court concludes that it is. The language of 810 ILCS 5/2-607(3)(a) "refers to 'any breach' without differentiating warranty and contract claims." *Greenwich Indus., L.P. v. Leggett & Platt, Inc.*, No. 07 C 6550, 2009 WL 1657441, at *4 n.2 (N.D. Ill. June 11, 2009) (citing *Barliant v. Follett Corp.*, 384 N.E.2d 316, 322 (Ill. 1978)). More importantly, the statutory pre-suit notice requirement applies in all cases in which a buyer has accepted a tender of non-conforming goods, and such non-conformity "includes not only breaches of warranties but also any failure of the seller to perform according to his obligations under the contract." 810 ILCS 5/2-714 cmt. 2. *See also Franklin Grain & Supply Co. v. Ingram*, 358 N.E.2d 922, 925 (Ill. App. Ct. 1976) (goods that were tendered after the agreed delivery date under a contract were non-conforming). In the specific context of prices, courts have found that goods tendered at a price different from the contract price agreed to by parties are non-conforming and thus subject to the requirement of pre-suit notice. *See, e.g., Bly & Sons, Inc. v. Ethan Allen Interiors, Inc.*, Civil No. 05-668-GPM, 2006 WL 2547202, at *6 (S.D. Ill. Sept. 1, 2006); *Dixie Gas & Food, Inc. v. Shell Oil Co.*, No. 03 C 8210, 2005 WL 1273273, at *6 (N.D. Ill. May 25, 2005) (citing *Tudor v. Jewel Food Stores, Inc.*, 681 N.E.2d 6, 10-11 (Ill. App. Ct. 1997)). In this instance, where goods are alleged by Whitwell to be non-conforming by reason of Wal-Mart's refusal to refund all amounts paid for

merchandise at the point of sale, the Court concludes that Whitwell's claim is subject to the statutory requirement of pre-suit notice of breach under the Illinois UCC.

Thus, the Court turns at last to the question of whether in this case Whitwell is excused from giving pre-suit notice to Wal-Mart by reason of the latter's actual knowledge of Whitwell's claim. Under Illinois law, of course, there is an exception to the requirement of pre-suit notice of a contract breach where a seller has actual knowledge of the breach. *See Connick*, 675 N.E.2d at 589 (citing *Malawy v. Richards Mfg. Co.*, 501 N.E.2d 376 (Ill. App. Ct. 1986)).[4] In *Connick* the Illinois Supreme Court clarified (and narrowed) what constitutes a seller's actual knowledge of a breach of contract. Specifically, the court held, "the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." *Id*. at 590. "The notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of *buyer's claim* that they constitute a breach." *Id*. (quoting *American Mfg. Co. v. United States Shipping Bd. Emergency Fleet Corp.*, 7 F.2d 565, 566 (2d Cir. 1925)) (emphasis in original). In other words, "it is essential that the seller be notified that *this particular transaction* is 'troublesome and must be watched.'" *Id*. (quoting 810 ILCS 5/2-607 cmt. 4) (emphasis in original). *See also Munch v. Sears*

---

4. There also is an exception to the requirement of pre-suit notice of a breach of contract when the breach is alleged to have caused personal injuries. *See Connick*, 675 N.E.2d at 590 (citing *Goldstein v. G.D. Searle & Co.*, 378 N.E.2d 1083 (Ill. App. Ct. 1978)) ("Only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint . . . against the seller."). *See also Allstate Ins. Co. v. Daimler Chrysler*, No. 03 C 6107, 2004 WL 442679, at *2 (N.D. Ill. Mar. 9, 2004) (the notice requirement under 810 ILCS 5/2-607(3)(a) "will only be excused if . . . a consumer plaintiff suffers a personal injury, in which case the notice requirement could be satisfied by filing a lawsuit against the seller"). Obviously, this exception to the general requirement of pre-suit notice under the Illinois UCC has no bearing on this case, in which the alleged breach is not claimed to have caused personal injuries, that is, physical injuries, as opposed to purely economic injuries.

*Roebuck & Co.*, Nos. 06 C 7023, 07 C 412, 2007 WL 2461660, at *5 (N.D. Ill. Aug. 27, 2007). Whitwell does not allege in his complaint that he gave pre-suit notice of the claimed breach of contract to Wal-Mart, nor are any facts alleged that suggest Wal-Mart had actual knowledge of the claimed breach of contract. Wal-Mart may have had "generalized information" that variations in local rates of sales tax could affect or were affecting its refunds to customers, but this does not establish actual notice of the breach in this case; what is required is that Wal-Mart have "actual knowledge of the alleged breach of the particular product[ ] purchased by [Whitwell] in this lawsuit," namely, the DVD player Whitwell purchased in Collinsville and returned in Glen Carbon. *Connick*, 675 N.E.2d at 590.[5] In view of Whitwell's failure to comply with the pre-suit notice requirement of the Illinois UCC, this case will be dismissed.

### III. CONCLUSION

Wal-Mart's motion to dismiss (Doc. 12) is **GRANTED**. Whitwell's action for breach of contract is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. The Clerk of Court will enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: December 11, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

5. The Court notes that in Whitwell's memorandum of points and authorities in opposition to the instant motion to dismiss he suggests half-heartedly that he gave Wal-Mart specific notice of his claim before filing suit. However, there are no such allegations in his complaint, and a party cannot amend a pleading via statements in a brief. *See, e.g., Speer v. Rand McNally & Co.*, 123 F.3d 658, 665 (7th Cir. 1997); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).